UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

| | |
|---|---|
| DYNAMIC ENERGY, INC.<br>100 Cranberry Creek Drive<br>Beckley, WV   25801<br>         Plaintiff,<br><br>             v.<br><br>UNITED MINE WORKERS OF AMERICA,<br>INTERNATIONAL UNION<br>18354 Quantico Gateway Drive<br>Triangle, VA  22172, and<br>UNITED MINE WORKERS OF AMERICA,<br>LOCAL 8783<br>Route 2, Box 248<br>Rock, WV  24747<br><br>         Defendants. | Civil Action No.: 5:10-CV-1141 |

## COMPLAINT
### (TO VACATE AN ARBITRATION AWARD)

### Parties

1. Dynamic Energy, Inc. ("Dynamic Energy") is a corporation organized and existing under the laws of the State of West Virginia. Dynamic Energy operates a surface coal mining operation at Coal Mountain, which is located in Wyoming County, West Virginia. Its headquarters office is located at 100 Cranberry Creek Drive, Beckley, West Virginia, 25801.

2. Defendant International Union, United Mine Workers of America ("UMWA") is a labor organization within the meaning of 29 U.S.C. § 152(5). Its headquarters is located at 18354

Quantico Gateway Drive, Triangle, Virginia, 22172, and maintains an office at 2306 South Fayette Street, Beckley, West Virginia, 25801.

3. Defendant, Local 8783, United Mine Workers of America ("Local 8783 and, together, with the UMWA, the "Union"), is a labor organization within the meaning of 29 U.S.C. § 152(5). Dynamic Energy's hourly production and maintenance employees are members of Local 8783. The Mine Committee Chairman of Local 8783 is Thomas B. Clary, who resides at Route 2, Box 248, Rock, West Virginia 24747.

## Jurisdiction and Venue

4. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(c).

## Factual Background

6. Dynamic Energy is a wholly owned direct subsidiary of Mechel Bluestone, Inc. ("Mechel"). Mechel owns directly and indirectly numerous subsidiaries that are involved in the coal industry in West Virginia.

7. Coal produced by Dynamic Energy has always been processed at the Black Bear Preparation Plant ("Black Bear Plant") which is owned by Natural Resource Partners ("NRP"). No Mechel entity has an ownership interest in NRP.

8. NRP contracts with Black Bear Processing Company ("Black Bear Processing") to operate the Black Bear Plant. No Mechel entity has an ownership interest in Black Bear Processing.

9. Dynamic Energy contracts with Black Bear Processing to clean, prepare and process coal mined at its Coal Mountain surface mine. No Mechel entity controls the hiring or

termination of Black Bear Processing's employees or the labor relations of this unrelated company.

10. Dynamic Energy was party to an agreement to have its coal processed at the Black Bear Plant prior to the time it became signatory to a labor agreement with the Union. Black Bear Processing processes, or has processed, coal mined by employers other than Dynamic Energy.

11. Dynamic Energy employees have never operated the Black Bear Plant or otherwise cleaned or processed coal mined at the Coal Mountain location.

12. Dynamic Energy first signed a labor agreement with the Union in 2004. At all times material to this action, Dynamic Energy and the Union were signatory to a modified version of the National Bituminous Coal Wage Agreement of 2007 ("Agreement"). The Agreement expires December 31, 2011. Disputes arising during the term of the Agreement are subject to a grievance procedure and arbitration, as set forth in Article XXIII(c) (Settlement of Disputes).

13. On February 2, 2010, a Dynamic Energy employee filed a grievance alleging Dynamic Energy was in violation of the Agreement because "unclassified personnel were observed working at a coal stockpile that has in the past [been] under union work jurisdiction."

14. The grievance in question asserted Dynamic Energy employees had jurisdiction over work performed at a particular raw coal stockpile which was located on Black Bear Processing's property. There are a number of coal stockpiles located at the Black Bear Plant. However, the coal contained in the stockpile that was the subject of the grievance was shipped directly and was not processed through or at the Black Bear Plant.

### The Arbitration Decision

15. The parties were unable to resolve their dispute concerning the Union's jurisdiction over work at the raw coal stockpile and the issue was referred to Arbitrator Lynn E. Wagner as

provided for in Article XXIII(c) of the Agreement.

16. Arbitrator Wagner conducted a hearing in Beckley, West Virginia on May 6, 2010. He produced a written decision dated June 27, 2010 ("Decision). A copy of the Decision is appended hereto as Attachment 1.

17. In its grievance, the Union asserted jurisdiction over work at the raw coal stockpile solely on the basis that Dynamic Energy employees had performed work at that stockpile in the past. The Union did not allege the existence of or rely on legal doctrines such as single employer, common employer or joint employer to support its claim.

18. This notwithstanding, the Arbitrator stated in his decision that it was "[i]mplicit in the Union's position" that all corporations working at the Coal Mountain site constitute a single employer and that Dynamic Energy's labor agreement "is binding on all of such corporations, including, without limitation, on the Employer and Black Bear." Decision at page 23.

19. In a bizarre decision, Arbitrator Wagner engaged in a series of presumptions and assumptions, and created facts out of thin air to reach a conclusion not supported by evidence or any facts in the record. Among other things, he erroneously, and without evidence or factual support, made a finding that

> Black Bear, the [Mechel] owned corporation, controlled and directed by Bluestone, to which [Dynamic Energy] contracted out the processing of its coal, before becoming a signatory to [the] 2003 NBCWA, has never had managers or a workforce [of] its own to physically process [Dynamic Energy's] coal.

Decision at page 28.

20. In fact, Mechel does not own Black Bear Processing. In fact, Black Bear has its own managers and employees who operate the Black Bear Plant. No evidence to the contrary was presented to the Arbitrator.

4

21. The Arbitrator's unsupported, and unsupportable, conclusions resulted in the issuance of an Award which provided that:

1. The Mechel owned corporations, Bluestone [Industries], the Employer [Dynamic Energy], Black Bear [Processing] and Bluestone Sales, as components [sic] corporations of the Coal Mountain enterprise, are a common or joint employer for purposes of the Union's exclusive jurisdiction, as defined by Article IA(a) of the 2007 NBCWA between the Union and the Employer; and each such component-corporation is bound by the terms and conditions thereof, without limitation, it['s] prohibition against contracting out work within such jurisdiction.

2. Bluestone, the Employer [Dynamic Energy] and Black Bear, as integral parts of such common or joint employer, shall immediately cease and desist from contracting out the processing of coal, mined by the Employer [Dynamic Energy] from the Coal Mountain surface mine, to any contractor corporation or other entity including, without limitation, any such corporation or entity owned by Mechel.

Decision at page 38.

## Count 1
### (Vacation of Award)

22. Plaintiff re-alleges the allegations of paragraphs 1 through 21 above as fully as if set forth herein.

23. The Arbitrator (i) reframed the grievance to assert a claim the Union did not make, (ii) created and relied on "facts" that are not true (*e.g.* Black Bear is a Mechel owned company, Black Bear is only a paper corporation without managers or employees, Decision at 30), and (iii) drew a legal conclusion contrary to law when he found that, as a common employer, Dynamic Energy's Agreement applied to non-signatory companies, including unrelated Black Bear Processing.

24. Arbitrator Wagner's Decision does not draw its essence from the terms of the Agreement. Instead, it is based on his own particular notions of industrial justice, and exceeded his legitimate authority.

## Count 2
### (Award Violates Federal Labor Law)

25. Plaintiff re-alleges the allegations of paragraphs 1 through 24 above as fully as if set forth herein.

26. Section 8(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(e), makes it an unfair labor practice for a union and employer to enter an agreement where the employer refrains or agrees to cease doing business with any other person.

27. An agreement that violates Section 8(e) is unenforceable.

28. The Decision effectively requires Dynamic Energy to terminate its coal processing contract with Black Bear Processing (an unrelated entity) and assign that work to Dynamic Energy employees, even though Dynamic Energy had contracted for its coal to be processed by a third party before it became signatory to a contract with the UMWA.

29. *In Marrowbone Development Co. v. District 17, UMWA*, 147 F.3d 296 (4th Cir. 1998) the Fourth Circuit vacated as violative of Section 8(e) an arbitration award that assigned to the unionized employees of a signatory employer work that had previously been done by contractors.

30. The Decision is unlawful, and must be vacated, because it violates Section 8(e) of the National Labor Relations Act.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Vacate the Decision of Arbitrator Lynn Wagner dated June 27, 2010, and

2. Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

Of Counsel:

John R. Woodrum
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Fifth Floor, 2400 N Street, N.W.
Washington, DC 20037
Phone: (202) 887-0855
Fax: (202) 887-0866
john.woodrum@ogletreedeakins.com

_____/s/_____,
Michael D. Glass
West Virginia Bar No. 1392
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Suite 400
Four Gateway Center
444 Liberty Avenue
Pittsburgh, PA 15222
Phone: (412) 394-3340
Fax: (412) 392-3348
michael.glass@ogletreedeakins.com

*Counsel for Dynamic Energy, Inc.*

9101928.1 (OGLETREE)